# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD GRAMM and HEADSIGHT, INC., <br><br>                    Plaintiffs, <br><br> v. <br><br> DEERE AND COMPANY, <br><br>                    Defendant. | Case No. _____ <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

Plaintiffs Richard Gramm ("Gramm") and Headsight, Inc. ("Headsight") (collectively, "Plaintiffs"), for their Complaint against Deere and Company ("Defendant" or "Deere"), state and allege as follows:

## NATURE OF ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by Plaintiffs against Deere for infringement of United States Patent No. 6,202,395 ("the '395 patent"). A true and correct copy of the '395 patent is attached hereto as Exhibit A.

## PARTIES

2. Plaintiff Gramm is a natural person residing in Indiana. Gramm owns all right, title and interest to the '395 patent and is the founder and President of Plaintiff Headsight.

3. Plaintiff Headsight is an Indiana corporation with a principal place of business at 4845 3B Road, Bremen, Indiana 46506. Headsight is the exclusive licensee under the '395 patent.

4. Upon information and belief, Defendant Deere is a Delaware corporation, with its world corporate headquarters at One John Deere Place, Moline, Illinois 61265.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' patent infringement claims (Count I) under 28 U.S.C. § 1338(a), in that the claims arise under the Acts of Congress relating to patents, including but not limited to 35 U.S.C. § 271, *et seq.*

6. Deere conducts business throughout the United States, including this judicial district. Under Indiana's long arm provision, Trial Rule 4.4(A), Deere transacts business in Indiana and/or has committed acts of patent infringement within and/or outside Indiana that have caused injury in Indiana.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## DEERE'S INFRINGING ACTIVITIES

8. Deere makes, uses, sells and/or offers for sale products that infringe at least claim 27 of the '395 patent, including at least the header height sensor kit, model number AXE21004, for the Deere 600C Series corn headers (the "Deere Height Sensor"). A true and correct copy of a print out of Deere's parts catalog showing the Deere Height Sensor is attached as Exhibit B.

9. The Deere Height Sensor is installed as a standard part on the Deere 600C Series corn heads and is available for purchase through Deere's dealers and through Deere's on-line parts catalog at website http://jdparts.deere.com.

## COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,202,395

10. Plaintiffs incorporate by reference paragraphs 1 – 9 as if fully set forth herein.

11. On March 20, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '395 patent, entitled "Combine Header Height Control."

12. Deere has had actual knowledge of the '395 patent since at least as early as 2002;

and Plaintiffs have complied with the statutory requirement of giving notice to Deere of the '395 patent by properly marking Plaintiffs' patented header height sensors with the '395 patent consistent with 35 U.S.C. § 287.

13. Deere has been and now is directly infringing, actively inducing others to infringe and/or contributing to the infringement of the '395 patent by making, using, selling, offering for sale and/or importing in the United States products, including at least the Deere Height Sensor, in violation of 35 U.S.C. § 271.

14. Deere will continue to directly infringe, actively induce others to infringe and/or contribute to the infringement of the '395 patent unless and until Deere is enjoined by this Court.

15. On information and belief, Deere has been and now is contributing to and inducing infringement of the '395 patent by offering to sell and selling products intended to practice one or more claims of the '395 patent, including at least the Deere Height Sensor. On information and belief, the infringing products are intended to be made or adapted for use in practicing one or more claims of the '395 patent, and the infringing products are not staple articles or commodities of commerce suitable for substantial non-infringing use. On information and belief, Deere is and has been aware, through actual knowledge or willful blindness, that the infringing products would be used to practice one or more claims of the '395 patent.

16. Deere's acts of infringement have caused and will continue to cause damage to Plaintiffs and Plaintiffs are entitled to recover from Deere the damages sustained by Plaintiffs and any additional remedy in an amount to be determined at trial.

17. Deere's acts of infringement will continue to cause Plaintiffs irreparable harm in the future unless and until Deere is enjoined from infringing the '395 patent.

18. On information and belief, Deere willfully infringes the '395 patent.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)     a declaration that Deere has infringed one or more claims of the '395 patent in violation of 35 U.S.C. § 271;

(B)     equitable relief under 35 U.S.C. § 283, including, but not limited to, permanently enjoining Deere and its officers, agents, employees, assigns, representatives, privies, successors, and all those acting in concert or participation with them from infringing, contributing to, and/or inducing infringement of the '395 patent;

(C)     an award of damages adequate to compensate Plaintiffs for Deere's infringement of the '395 patent, together with prejudgment and post-judgment interest under 35 U.S.C. § 284;

(D)     a declaration or order finding that Deere's infringement is willful and/or an order increasing damages up to and including three times the amount found or assessed consistent with 35 U.S.C. § 284;

(E)     a declaration that this case is "exceptional" under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorney fees, costs, and expenses; and

(F)     such other relief deemed just and proper.

<div style="display: flex;">
<div>Dated: March 21, 2014</div>
<div>

/s/Jeffery A. Johnson
Jeffery A. Johnson (5009-71)
Daniel R. Appelget (31207-64)
**May Oberfell Lorber**
4100 Edison Lakes Parkway
Suite 100
Mishawaka, Indiana 46545
Telephone: (574) 243-4100
Facsimile: (574) 232-9789
Email:  jjohnson@maylorber.com
   dappelget@maylorber.com

*Attorneys for Plaintiffs Richard Gramm and Headsight, Inc.*

</div>
</div>

Of Counsel

John A. Cotter (MN Bar No. 134296)
Thomas J. Oppold (MN Bar No. 326318)
Glenna L. Gilbert (MN Bar No. 389312)
**Larkin Hoffman Daly & Lindgren Ltd.**
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota  55431-1194
(952) 835-3800
Email:  jcotter@larkinhoffman.com
   toppold@larkinhoffman.com
   ggilbert@larkinhoffman.com