UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD GRAMM, et al., | ) |
| | ) |
| *Plaintiffs* | ) |
| | ) Cause No. 3:14-cv-575-RLM-MGG |
| v. | ) |
| | ) |
| DEERE AND COMPANY, | ) |
| | ) |
| *Defendant* | ) |

## ORDER

Before the court is Defendant Deere and Company's motion to dismiss for improper venue, or alternatively, transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For the following reasons, the court doesn't dismiss but instead GRANTS Deere's motion to transfer venue, finding that venue is most appropriate in the Southern District of Iowa [Doc. No. 124].

I. Background

Plaintiffs Richard Gramm and Headsight, Inc. (now Reaper Solutions LLC) filed this lawsuit in March 2014, alleging patent infringement of U.S. Patent 6,202,395 ("the '395 patent"). When farmers use combines to harvest corn, an attachment is installed on the front of the combine that is used to cut and feed cornstalks into the combine. The attachment is called a header. The '395 patent protects a device, called a headsight sensor, that is placed at the end of a header and used for maintaining headers at a designated height above the soil while the combine is traversing a field and harvesting corn.

When the plaintiffs filed this case in 2014, the controlling precedent, <u>VE Holdings Corp. v. Johnson Gas Appliance Co.</u>, held that venue was proper in the Northern District of Indiana, and Deere didn't challenge venue. 917 F.2d 1574, 1584 (1990). Litigation in this court was stayed in September 2016 because Deere filed a petition with the Patent Trial and Appeal Board to institute inter partes review on some of the '395 patent's claims. Multiple appeals followed from the PTAB's decision, and the case remained stayed. In the meantime, the United States Supreme Court overruled <u>VE Holdings Corp. v. Johnson Gas Appliance Co.</u> with its decision in <u>TC Heartland LLC v. Kraft Foods Grp. Brands LLC</u>, 137 S. Ct. 1514 (2017), making venue in the Northern District of Indiana improper.

The IPR proceedings finally wrapped up in February 2021, and the court partially lifted the stay to let Deere move to dismiss (or alternatively, transfer venue) based on <u>TC Heartland LLC v. Kraft Foods Grp. Brands LLC</u>. Deere filed this motion, arguing that the case should be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue, or alternatively, transferred to the District of Delaware. The plaintiffs agree that venue is no longer proper in the Northern District of Indiana but otherwise oppose the motion.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to assert the defense of improper venue by moving to dismiss. In determining Rule 12(b)(3) motions, the court isn't "obligated to limit its consideration to the pleadings [or to] convert the motion to one for summary judgment if the parties submit

evidence outside the pleadings." Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d 801, 809–810 (7th Cir. 2011) (internal quotations omitted); *accord* Deb v. SIRVA, Inc., 832 F.3d 800, 809 (7th Cir. 2016) ("Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision.").

"The plaintiff bears the burden of establishing that venue is proper in the context of a Rule 12(b)(3) motion, although the plaintiff's burden in defending a Rule 12(b)(3) motion is low because courts resolve factual conflicts in the plaintiff's favor." RAH Color Techs., LLC v. Quad/Graphics, Inc., 2018 WL 439210, at *1 (N.D. Ill. Jan. 16, 2018) (citing Deb v. SIRVA, Inc., 832 F.3d at 809; Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d at 809-810).

III. DISCUSSION

Venue in a patent case is exclusively determined by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *See also* TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. at 1521.

Regarding the first prong, the law under VE Holdings Corp. v. Johnson Gas Appliance Co. was that, as to corporations, venue was proper if the defendant was "subject to personal jurisdiction in the district of suit at the time

3

the action was commenced." 917 F.2d at 1584. TC Heartland LLC v. Kraft Foods Grp. Brands LLC changed that precedent by holding that "'reside[nce]' in § 1400(b) refers only to the State of incorporation." 197 S. Ct. at 1521. Both parties agree that venue is no longer proper here under the first prong because Deere is a Delaware corporation, not an Indiana corporation.

The second prong of § 1400(b) remains unaffected by the TC Heartland LLC v. Kraft Foods Grp. Brands LLC decision, but still doesn't establish proper venue here because, according to Deere, Deere didn't have a "regular and established place of business" in the Northern District of Indiana, as that phrase is understood according to the caselaw. *See e.g.*, Mantissa Corp. v. Great Am. Bancorp, Inc., 446 F. Supp. 3d 398, 402 (C.D. Ill. 2020) (quoting In re Cray Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017) ("(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.")). The plaintiffs ostensibly agree that the second prong doesn't establish proper venue in the Northern District of Indiana.

Agreement amongst the parties ends there. If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Deere argues that the court should dismiss the case; if the court disagrees, then the court should transfer this case to the District of Delaware, where Deere is incorporated. The plaintiffs argue that it would be a miscarriage of justice for the court to dismiss the case, and the court should instead transfer the case to the Southern District of Iowa.

A. Dismissal

"The decision whether a transfer or a dismissal is in the interest of justice rests within the sound discretion of the district court. But, generally, transfer is more in the interest of justice than dismissal." Talsk Rsch. Inc. v. Evernote Corp., 2017 WL 4269004, at *6 (N.D. Ill. Sept. 26, 2017) (internal citations omitted); *accord* MB Fin. Bank, N.A. v. Walker, 741 F. Supp. 2d 912, 919 (N.D. Ill. 2010) ("[T]he presumption generally runs in favor of transfer."). Courts are sensitive to "whether dismissal will endanger the plaintiff's claims under the applicable statute of limitations." MB Fin. Bank, N.A. v. Walker, 741 F. Supp. 2d at 920 (citing cases); *accord* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–467 (1962) (explaining that § 1406(a) was enacted to protect against issues involving statute of limitations by preserving plaintiff's filing date when he makes mistake regarding proper venue). "Transfer, rather than dismissal, is the proper remedy if the convenience of parties and witnesses and the interest of justice describe a more appropriate forum elsewhere." Van Gelder v. Taylor, 621 F. Supp. 613, 618 (N.D. Ill. 1985).

Deere argues that dismissal is appropriate because the plaintiffs haven't tried to address the venue problem even though some four years have passed since the Supreme Court decided TC Heartland v. Kraft Foods Grp. Brands LLC. Deere says that the plaintiffs could have proactively taken steps to address the venue problem in 2017 by trying to refile this action in a proper venue. The plaintiffs say improper venue is an affirmative defense that Deere has the burden to establish.

5

The plaintiffs are correct; dismissal based on improper venue was Deere's motion to make, not the plaintiffs'. Improper venue is an affirmative defense, and the defendant bears the burden of establishing it. Pacer Glob. Logistics, Inc. v. Nat'l Passenger R.R. Corp., 272 F. Supp. 2d 784, 788 (E.D. Wis. 2003); *accord* Atherton v. St. Vincent Hosp., 774 F. App'x 304, 305 (7th Cir. 2019). "Venue is a limitation designed for the convenience of the parties and, as such, may be waived by them." Pacer Glob. Logistics, Inc. v. Nat'l Passenger R.R. Corp., 272 F. Supp. 2d at 788 (citing Olberding v. Ill. Central R.R. Co., 346 U.S. 338, 340 (1953)). If anything, this argument cuts against Deere's position that this case should be dismissed by highlighting how long it has taken Deere to move for dismissal based on improper venue.

The plaintiffs argue that dismissal would be a miscarriage of justice because dismissal could deprive them of years of damages. Under 35 U.S.C. § 286, damages for patent infringement are limited to six years before the date of filing of the complaint. Based on the six-year pre-suit recoverable damages period and the March 2014 filing date of the plaintiffs' original complaint, upon a finding of liability, the plaintiffs will be entitled to damages going back to March 21, 2008, or the date of Deere's first infringement after that date.

Were this case dismissed as Deere requests, and the plaintiffs were to immediately refile their patent infringement claims in a different jurisdiction, the plaintiffs would very likely be precluded from seeking damages for infringing activities that occurred before early 2016. Because the '395 patent expired on December 31, 2018, the damages period under this scenario would be reduced

from ten-plus years (March 2008 to December 2018) to a little less than three years (early 2016 to December 2018).

The interests of justice favor transferring this case to a proper venue over dismissal. Dismissing this case would be unduly harsh to the plaintiffs who originally filed this lawsuit when venue was proper in the Northern District of Indiana and had no way of knowing that the law would change in this respect three years later. Several courts that have already considered this issue have come to the same conclusion. *E.g.*, C.R. Bard, Inc. v. AngioDynamics, Inc., 2020 WL 6710423, at *10 (D. Utah Nov. 16, 2020); Realtime Data LLC v. Hewlett Packard Enter. Co., 2018 WL 4599582, at *4 (E.D. Tex. Sept. 24, 2018) ("Plaintiff would be penalized by not being able to collect 2.5 years of damages. The Court agrees that the interest of justice supports transfer."). And granting Deere dismissal even though they waited approximately four years after TC Heartland v. Kraft Foods Grp. Brands LLC to move for dismissal could encourage future gamesmanship.

Since dismissal would be a miscarriage of justice, the court must decide which district this case should be transferred to.

## B. Transfer

"[T]he court has 'broad discretion' to order a transfer, which is reversible only where there has been a 'clear abuse.'" MB Fin. Bank, N.A. v. Walker, 741 F. Supp. 2d at 920 (quoting Continental Insurance Co. v. M/V Orsula, 354 F.3d 603, 608 (7th Cir. 2003); Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986)).

7

Before deciding between which of the parties' proposed districts the case should be transferred to, the court must first determine that venue is proper in each of the parties' proposed transferee districts. Deere contends that the plaintiffs haven't met their burden in establishing that venue is proper in the Southern District of Iowa. Specifically, Deere says that the plaintiffs haven't established that Deere "committed acts of infringement and had a regular and established place of business" in the Southern District of Iowa, as required by § 1400(b).

The plaintiffs cite a Deere publication showing that Deere has four regular and established places of business in the Southern District of Iowa. [Doc. No. 131, attach. 1, ex. 3 at 7]. The plaintiffs also cite the declaration of Deere's Assistant General Counsel Amanda Sanchez-Johnson, which states that Deere sells their products to independently owned dealerships, where title to ownership of the products passes to each dealership upon delivery to the dealerships at the dealerships' places of business. [Doc. No. 131, attach. 1, ex. 2 at 3]. Deere argues that Ms. Sanchez-Johnson's declaration only concerned the Northern District of Indiana [Doc. No. 131, attach. 1, ex. 2 at 2], so it isn't relevant to whether Deere committed acts of infringement in the Southern District of Iowa, and therefore plaintiffs haven't carried their burden of establishing that venue is proper in Iowa.

The plaintiffs cite in their surreply information from Deere's online dealer locator showing that there are at least eighteen Deere dealers in the Southern District of Iowa. [Doc. No. 152, attach. 1, ex. 12]. The plaintiffs argue that this,

8

together with Ms. Sanchez-Johnson's declaration, establishes that Deere committed acts of infringement in the Southern District of Iowa. At oral argument, Deere argued that this information was improperly presented for the first time in a surreply, so Deere didn't have an opportunity to respond and accordingly the court should disregard the online dealer locator evidence.

The Southern District of Iowa was first proposed as a transferee district in plaintiffs' response brief. Deere countered in its reply that it didn't commit the requisite acts of infringement in the Southern District of Iowa, so venue in Iowa was improper. It was in their surreply that plaintiffs presented the online dealer locator evidence to rebut Deere's argument that venue in Iowa was improper. The plaintiffs didn't improperly raise a new argument in their surreply, so the court won't ignore the online dealer locator evidence.

Deere's point that Ms. Sanchez-Johnson's declaration only concerned the Northern District of Indiana is noted. But in trying to show that Deere committed acts of infringement in the Southern District of Iowa, plaintiffs have presented evidence: (1) that Deere dealers are in the district, and (2) that—at least in Indiana—Deere completes sales to dealers when products are delivered to the dealerships at the dealerships' places of business. While it's the plaintiff's burden to establish venue is proper, that burden is low, *see e.g.*, Deb v. SIRVA, Inc., 832 F.3d at 810, and in the absence of evidence that Iowa dealers acquire title differently than Indiana dealers, the plaintiffs have carried their burden of establishing that venue is proper in the Southern District of Iowa.

Deere makes an additional argument that the only transferee district before the court by motion is the District of Delaware. The plaintiffs respond that it's their recollection that Judge Gotsch informed the parties during the March 18, 2021 telephonic status conference that the plaintiffs could propose their own transferee district in response to Deere's motion to transfer venue, instead of making their own affirmative motion. The court doesn't see the significance of Deere's point because § 1406 directs a district court to transfer an appropriate case to any district "in which it could have been brought." Section 1406 doesn't restrict the court's choice of transferee district to what the movant requests.

Because venue is appropriate in both proposed transferee districts, the task at this juncture is deciding which of the proposed districts the case should be transferred to.

When deciding between two proposed districts to transfer a case to under § 1406(a), courts "must consider factors such as [1] docket congestion, [2] each court's relative familiarity with the relevant law, [3] the respective desirability of resolving controversies in each district, and [4] the relationship of each community to the controversy." Buerger v. Ellis, 740 F. App'x 500, 501 (7th Cir. 2018) (citing Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010)).

Deere seeks transfer under § 1406(a), which governs transfer of cases in which the original venue is improper. A related section, 28 U.S.C. § 1404(a), governs transfer of cases in which venue is proper, but another district is more suited for the case when considering the convenience of the parties and

witnesses, and the interests of justice. Section 1404(a) doesn't apply here because venue is improper in this district. *See* Kinney v. Anchorlock Corp., 736 F. Supp. 818, 821 (N.D. Ill. Mar. 21, 1990). But in considering transfer motions under § 1406(a) in which parties have "proposed two alternative transferee forums, the analysis which courts customarily apply to § 1404(a) motions is helpful in determining which of these forums is the more appropriate destination for th[e] case."[1] Id. at 822; *accord* First Financial Leasing Corp. v. Hartge, 671 F. Supp. 538, 543 (N.D. Ill. Sept. 21, 1987). The court of appeals has given guidance on this analysis:

> With respect to the convenience evaluation [under § 1404(a)], courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof. The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result.

Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 978 (internal citations omitted).

---

[1] The analysis customarily applied to motions to transfer venue under § 1404(a) doesn't replace the factors a court must consider when deciding motion under § 1406(a); a court must still consider the four factors associated with motions to transfer venue under § 1406(a) that are identified in the previous paragraph. *See* Buerger v. Ellis, 740 F. App'x at 501 (citing Coté v. Wadel, 796 F.2d. 981, 985 (7th Cir. 1986) ("The district court took all of [the § 1406(a) factors] into account, and we see no reason to disturb its judgment".). But all four of those factors are included in the larger list of factors that courts customarily consider in deciding motions to transfer venue under § 1404(a).

11

The relative docket congestion of each proposed transferee district weighs in favor of transfer to the Southern District of Iowa. In 2020, the Southern District of Iowa averaged 182 civil filings (and 400 overall filings) per judge, while the District of Delaware averaged 461 civil filings (and 484 overall filings) per judge.

The District of Delaware's median time from filing to disposition was approximately 40 days faster than the Southern District of Iowa's, but the Southern District of Iowa completed 43 trials while the District of Delaware had only completed 21. And the District of Delaware's percentage of cases over three years old was 11.5 percent, as compared with the Southern District of Iowa's 3.5 percent. The difference between two jurisdictions' likely speed to trial is negligible.

Regarding each jurisdiction's relative familiarity with the relevant law, the plaintiffs argue that the claims arise under federal law and there aren't any pendent state law claims, so this factor doesn't favor either proposed transferee jurisdiction. Deere cites data from March 24, 2008 to December 18, 2020 showing that the District of Delaware had 99 patent jury trials, as opposed to the Southern District of Iowa's three; 124 patent bench trials when the Southern District of Iowa had none; and 10,130 patent cases altogether, when the Southern District of Iowa only had 160. It's clear that the District of Delaware handles more patent cases than the Southern District of Iowa.

The plaintiffs cite cases from the District of Delaware for the proposition that factors relating to local interests in deciding patent cases are neutral

12

because "[t]he resolution of patent cases is governed by federal law reviewed by a court of appeals of national (as opposed to regional) stature." Helicos Biosciences Corp. v. Illumina, Inc., 858 F. Supp. 2d 367, 375 (D. Del. 2012); *see also* Smart Audio Techs., LLC v. Apple, Inc., 910 F. Supp. 2d 718, 733 (D. Del. 2012). Deere agrees. But the plaintiffs argue that this case has a greater relationship with the community in the Southern District of Iowa than in the District of Delaware. The Southern District of Iowa is the number one market for headsight sensors. Headsight sensor sales were almost 140 times higher in Iowa than in Delaware in 2014. Iowa had 13,436,952 acres planted with corn in 2020; 75 times more than Delaware's 180,939 acres. The community in the Southern District of Iowa has a stronger relationship to the invention underlying this claim.

The plaintiffs argue that the availability of and access to witnesses factor heavily favors the Southern District of Iowa—Deere's headquarters is in Moline, Illinois, which is just across the Mississippi River from the Southern District of Iowa's Davenport Division Courthouse, a distance of 11.9 miles. The plaintiffs are located in Bremen, Indiana, which is substantially closer to Davenport, Iowa than Wilmington, Delaware. Because the Southern District of Iowa is closer for both parties, both would have substantially better access to their home resources than in the District of Delaware.

Finally, the plaintiffs argue that the relative ease of access to sources of proof weighs heavily in favor of the Southern District of Iowa. Again, Deere's headquarters is in close by Moline, Illinois, as are the facilities where it designs

its combines and combine headers. Deere's manufacturing facilities are also close by in East Moline, Illinois. The plaintiffs say most, if not all, of the documents relating to Deere's alleged infringement are likely maintained within a few miles of the Southern District of Iowa's Davenport Division Courthouse, as are most, if not all, of the relevant witnesses. This factor weighs in favor of transfer to the Southern District of Iowa.

Considering the § 1406(a) and § 1404(a) factors, transfer to the Southern District of Iowa is most appropriate.

IV. Conclusion

For the foregoing reasons, the court doesn't dismiss but instead GRANTS Deere's motion to transfer venue and TRANSFERS this case to the Southern District of Iowa [Doc. No. 124].

SO ORDERED.

ENTERED: February 22, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court